UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CRIMINAL NO. 25-CR-00127-GFVT

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                    **REPLY IN SUPPORT OF DEFENDANT'S**
          **MOTION TO DISMISS FOR VINDICTIVE PROSECUTION**

QUINCINO LAMONT WAIDE, JR.                                  DEFENDANT

_____

Comes the defendant, Quincino Lamont Waide, Jr. ("Mr. Waide" or "Quincino"), by and through counsel, and in support of his motion to dismiss for vindictive prosecution and memorandum in support thereof, replies as follows:

The defendant concedes that there is no proof of actual vindictiveness in the pursuit of the immediate charges. As stated in his memorandum in support of the initial motion filed, dismissal is appropriate in this "particular factual situation" as "there exist[s] a 'realistic likelihood of vindictiveness' for the prosecutor's action." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). In proving the reasonable likelihood of vindictiveness, it must be shown that "(1) the prosecutor has some stake in deterring the [defendant's] exercise of his rights and (2) the prosecutor's conduct was somehow unreasonable[.]" *Id.* A prima facie case of vindictiveness is established upon a showing of the defendant's "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; [and] (4) the intent to punish the defendant for exercise of the protected right." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). A prima facie case has been established in this matter, requiring the

government to provide "objective, on-the-record explanations" in rebuttal. *Bragan*, 249 F.3d at 482 (citing *United States v. Andrews*, 633 F.2d 449, 456 (6th Cir. 1980)).

**A. Mr. Waide exercised his Fifth Amendment right against self-incrimination.**

    *i.   The government sought to elicit inculpatory statements from Quincino.*

The government undoubtedly sought Mr. Waide's cooperation against the named co-defendants. However, the last request of the government explicitly conveys its expectation that Mr. Waide incriminate himself in their conduct, *to wit*: "Waide's best chance at avoiding charges in the Lewis homicide or any future Hot Boyz case would be to sit down with us *and tell us exactly what he was asked to do*."[1] While there is "no legal right not to cooperate," the United States Constitution unequivocally endows every American protection against being "compelled in any criminal case to be a witness against himself[.]" *United States v. Young*, 231 F. Supp. 3d 33, 122-23 (M.D. La. 2017); U.S. CONST. amend. V. The government cannot deny that its repeated requests to cooperate were, in part, intended to elicit inculpatory statements from Quincino. As such, in denying the government's repeated requests to cooperate against the co-defendants, Mr. Waide simultaneously invoked his Fifth Amendment right, protecting himself from interrogations intended to elicit an admission of criminal responsibility.

    *ii.   Quincino explicitly invoked his Fifth Amendment rights in requesting counsel and repeatedly declining to speak with the government.*

Mr. Waide repeatedly and explicitly invoked his right to remain silent in requesting counsel. There is "'no ritualistic formula or talismanic phrase [] essential' to invoke the right to remain silent. Instead, 'a suspect must [simply] unambiguously invoke his right to counsel.'" *United States v. Brown*, 2022 U.S. Dist. LEXIS 230559, at *5-6 (E.D. Mich. Dec. 22, 2022) (citing

---

[1] R. 228-4 at Page ID # 1851 (emphasis added).

*Franklin v. Bradshaw*, 545 F.3d 409, 414 (6th Cir. 2008)); *see also United States v. Foxx*, 2018 U.S. Dist. LEXIS 150558, at *6-7 (E.D. Ky. Sept. 5, 2018) ("If the suspect states that he wants counsel, the interrogation must cease until an attorney is present. The request for counsel must be clear enough that a reasonable police officer under the circumstances would understand that a request for counsel was made by the suspect. Once counsel is requested, officers can only question the suspect when the attorney is present." . . . "The Supreme Court has held that 'an accused. . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.") (citing *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981)) (internal citations omitted)). From the initiation of law enforcement's interaction with Mr. Waide, he has continuously requested counsel and when further questioned said nothing. This has remained the case even with the assistance of counsel, who on Quincino's behalf, has continued to decline the government's offer of cooperation. This is not a matter in which "the Government has no substantial reason to believe that the requested disclosures are likely to be incriminating[.]" *Roberts v. United States*, 445 U.S. 552, 559 (1980). To the contrary, the government *expected* the admission of criminal culpability during the requested interviews and/or proffer sessions[2].

---

[2] Statements made to Mr. Waide throughout the investigation, as well as after being charged in the previous federal matter, make it evident that law enforcement believed him to be involved with the murder of Kristopher Lewis ("Lewis"), and expected him to admit to his alleged role in the conspiracy. The government's opinion as to Mr. Waide's involvement is obvious: "When law enforcement first interviewed Waide in August 2024, he agreed to speak following his rights advisement; *lied*; and then asked for an attorney." R. 228 at Page ID # 1826 (emphasis added). It is evident that, even if Quincino had chosen to speak with law enforcement, any denial of his involvement or knowledge as to the conduct of the co-defendants would have been quickly dismissed as untruths, making Mr. Waide's indictment inevitable.

*iii. Mr. Waide was not required to assert his protected rights during a specified timeframe.*

The government is not excused from its vindictive prosecution simply because Mr. Waide did not assert his Fifth Amendment rights after the return of the initial indictment and prior to the return of the superseding indictment. To suggest otherwise is without logic. Why would a defendant find it necessary to invoke his Fifth Amendment right after *not* being indicted? Any reasonable person would deduce that further invocation of their rights would be superfluous, as the government had made the right decision in abandoning the pursuit of any further charges. Any argument to the contrary is nonsensical.

Furthermore, the government cites no case law supporting the contention that a claim of vindictive prosecution only arises within a specified timeframe or upon the manifestation of a specific event. Nor is there case law supporting the contention that a defendant's rights must be invoked within that time or at the time of the specific event. Mr. Waide's conduct from August 2024 to the present has more than established the invocation of his right to remain silent, both in his own words and that of counsel[3].

**B. The government's stake in Mr. Waide's invocation of rights is its need for witnesses to testify against the co-defendants.**

There have been significant barriers in prosecuting the named co-defendants in the past, as individuals are – understandably – reluctant to testify against them. Doing so not only invites significant danger to their own lives but the lives of their family and other loved ones. As such,

---

[3] In response to Quincino's argument that he invoked his right to remain silent, the government also argues that this privilege "does not protect obstruction or criminal activity." R. 228 at Page ID # 1829-30. This is not addressed in the reply, as the relevance of such is unclear. Mr. Waide has not been charged with any obstruction offenses or for criminal conduct outside of that charged in the indictment. If the government is suggesting that there exists additional criminal conduct for which it could seek charges, should it do so, such would most certainly constitute vindictive prosecution.

4

the government must secure witnesses by creating circumstances of compulsion, in which an individual is pressured to testify against the co-defendants in order to avoid their own legal woes. Mr. Waide is undoubtedly a casualty of these circumstances.

Contrary to its representations, the government's requests for Quincino's cooperation were not cloaked in protection from future charges. As stated in the government's August 21, 2025 email, "Waide's *best chance* at avoiding charges in the Lewis homicide or any future Hot Boyz case would be to sit down with us and tell us exactly what he was asked to do." Immunity from future charges was contingent on the government's discretionary determination that Quincino "credibly persuade[d]" the government "that he did not know. . . he was assisting" with the Lewis murder.[4] Furthermore, there were no unequivocal assurances that he would not be called as a witness, *to wit*: "I do not *think* that we actually need Waide to testify against anyone in the Lewis case. . . *If* Waide never testifies, there is a good chance no one will ever know that he spoke to us."[5] Representations made were clearly tentative, with no absolute guarantee that he would not be charged in the future or compelled to testify.[6] As such, the government's claim that it had "no stake" in Quincino's invocation of rights is without merit. *See United States v. Goff*, 400 Fed. Appx. 1, 23 (6th Cir. 2010) ("The Government does not deny that it had a 'stake' in Goff's refusal to cooperate or testify before the grand jury[.]").

---

[4] R. 228-4 at Page ID # 1851 (emphasis added).

[5] *Id*. (emphasis added).

[6] The government now goes so far as to state that it "does not need Waide as [a] witness," evidenced by its indictment of "six defendants for Lewis's murder despite Waide's lack of cooperation[.]" R. 228 at Page ID # 1830. However, the government is well aware that its ability to an obtain an indictment is a far cry from obtaining a conviction. There is no doubt that Mr. Waide's cooperation would serve as a critical piece of the government's case against the co-defendants.

**C. Naming Mr. Waide in the superseding indictment was unreasonable and intended to punish him for the invocation of his constitutional rights.**

While the government "may indict, even if its motive is to get cooperation," the decision to indict cannot be based on "improper considerations such as race, religion, or *the exercise of a constitutional right*." *United States v. Gray*, 382 F. Supp. 2d 898, 907 (E.D. Mich. May 10, 2005) (emphasis added); *see also United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir. 1992) ("'[So] long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision of whether to prosecute and what charge to file. . . generally rests entirely in its discretion.' The decision, however, cannot be based on a defendant's race, sex, religion, or exercise of a statutory or constitutional right.") (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). As discussed above, the decision to charge Mr. Waide was based on the invocation of his right to remain silent, confirmed by the black and white text of exchanges between counsel and the government. On August 21, 2025, the government conveyed the unlikelihood of Quincino's indictment in the immediate case if he were to cooperate. He again denied such request. Now he stands indicted on the charge of accessory after the fact, being accused of assisting in the murder of a federal witness.

As stated in his initial motion to dismiss, the proof of Quincino's alleged involvement was known to law enforcement prior to speaking with him on August 14, 2024 and has not changed since that time. With no new evidence or recent inculpatory statements, it is difficult to see how the government's decision to charge Mr. Waide in this case was based on *anything other than* the invocation of his Fifth Amendment rights. *See contra United States v. Boss*, 652 F.2d 36, 37 (10th Cir. 1981) (trial court's denial of motion to dismiss for selective prosecution upheld as defendant refused to cooperate but did not invoke any constitutional rights in doing so).

**CONCLUSION**

Despite its efforts, the government cannot avoid the vindictive motive in prosecuting Mr. Waide in the immediate matter. From August 2024 up to the time of the superseding indictment, the government made consistent and repeated attempts to obtain his cooperation. With each denial of the government's invitation to proffer came harsher ramifications, escalating from a target letter to a search warrant to being federally charged on a rarely pursued offense to the immediate indictment. As the impetus for charging Mr. Waide was punishment for the exercise of his constitutional rights, the sole charge against him – Accessory after the Fact, in violation of 18 U.S.C. § 3 – must be dismissed.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP

By:    */s/ Whitney True Lawson*
Whitney True Lawson
124 Clinton Street
Frankfort, Kentucky 40601
Telephone:  (502) 605-9900
Facsimile:  (502) 605-9901
wlawson@truelawky.com

*Counsel for Defendant, Quincino Waide*

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing Reply in Support of Defendant's Motion to Dismiss for Vindictive Prosecution has been served this the 6th day of April, 2026 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

*/s/ Whitney True Lawson*
Whitney True Lawson

7