UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CRIMINAL NO. 25-CR-00127-GFVT

UNITED STATES OF AMERICA                                                    PLAINTIFF


v.              **REPLY IN SUPPORT OF MOTION TO SEVER**
                **DEFENDANT, QUINCINO LAMONT WAIDE, JR.**


QUINCINO LAMONT WAIDE, JR.                                                  DEFENDANT

---

Comes the defendant, Quincino Lamont Waide, Jr., and submits the foregoing reply in support of his Motion to Sever Defendant, Quincino Lamont Waide, Jr. The defendant states as follows:

## INTRODUCTION

The government's opposition to severance in this matter fundamentally misapprehends the severity of prejudice created by a joint trial. While correct in reciting the general preference for joint trials of defendants named in a single indictment, such preference must yield "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A severance is warranted in this matter.

## ARGUMENT

The government's response does nothing but highlight the bases for concern of trying the defendant, Quincino Lamont Waide, Jr. ("Mr. Waide" or "Quincino"), jointly with the co-defendants. At all stages throughout this matter and the previous complaint brought against Mr. Waide, *United States v. Waide*, 5:25-cr-00073-GFVT-MAS, the government has utilized the

conduct and criminal past of the co-defendants to color Mr. Waide as an accomplice of such conduct, proving nothing more than his association with alleged Hot Boyz members. As noted by the magistrate judge in his recommended order on Quincino's pretrial detention:

> [A]lthough the United States has not proven Waide's direct involvement in the murder of Lewis, the United States proved that suspects in the Lewis murder were texting about paying Waide later that day and that Waide's cell phone was in the vicinity of the abandoned vehicle that was used as the getaway vehicle from the murder. *This does not suggest that Waide was involved in or responsible for the Lewis murder;* **however, it does strongly suggest that Waide is uncomfortably close with murder suspects and a getaway car.**
>
> …
>
> [t]he ***United States cast many aspersions at Waide*** to meet the high bar of clear and convincing evidence to detain him pretrial. Some of this evidence (*i.e.*, the domestic violence conviction, the ambush and car chase, gang affiliation, gun possession) appears much more concrete than others (*i.e.*, Waide's role in Lewis's murder or the Hot Boyz's role in the Sleet murders). *The Court began the opinion by asking the question of whether a person is measured by the company they keep. While not wholly determinative,* **it is difficult to overcome that Waide, his associates, and his adversaries appear to have been both the victims and the perpetrators of violence for years**.[1]

This Court explicitly acknowledged Mr. Waide's "guilt by association" at his sentencing in the previous matter:

> The government has very carefully articulated facts that they are very, very focused on because of other, as you are well aware, criminal charges that are pending. And here's what I would say, I think you're at a crossroads. I think you've made some really, really bad choices in your life. And I understand what your lawyer says about *associations*. **Sometimes guilt by association goes by another name; it's called a conspiracy**. I'm not saying that's what's going on here necessarily, but *you show me who your friends are, Mr. Waide, and I can predict your future.*[2]

---

[1] R. 9, Page ID # 31, 37 (emphasis added).
[2] R. 48, Page ID # 343-44 (emphasis added).

2

Seven (7) pages of the government's response is dedicated to establishing the facts it deems relevant to the issue of severance. Notably, of those seven pages, proof of Mr. Waide's alleged involvement is summarized in three short paragraphs, *to wit*:

> Law enforcement *believes* that the Hot Boyz assailants enlisted Waide's assistance sometime after Morris revoked consent for Bellomy to use her car – either very late on September 28th or very early on September 29th.
>
> . . .
>
> Waide's cell-site location data indicated that, like the other Hot Boyz, he was very active in the early morning hours of September 29, 2023, showing him in several areas relevant to the murder and the other Hot Boyz.[3]
>
> . . .
>
> Also, on the evening of the homicide, Dixon and Sharp texted each other the following:
>
> ➢ Sharp (7:25:15 PM): We gonna give Fred [Waide] prob 100 each
> ➢ Dixon (7:25:50 PM): Yup an Doja [Boone] said give him 5
> ➢ Sharp (7:28:23 PM): Bet cause he was talkin bout a band but either way it was 250 each from the 4 of us
> ➢ Dixon (7:29:28 PM): Yeah it don't matter to me, he just got in the car an said y'all just give me 5 but Watchu wanna give him $1000
> ➢ Dixon (7:29:32 PM): ?
> ➢ Sharp (7:30:07 PM): It dnt matter bru it's just 250 each but its yo call on this one
> ➢ Dixon (7:31:05 PM): We can give em the band since ETs wat we said in da first place gang
> ➢ Sharp (7:31:18 PM): Bet[4]

All other facts recited by the government are completely irrelevant and superfluous in the case against Mr. Waide – a reality not specific to the immediate response alone. As previously stated, discovery produced to date exceeds 40,000 pages, with only ten (10) of those documents relating

---

[3] R. 260, Page ID # 2097 (emphasis added).
[4] R. 260, Page ID # 2098.

3

to Mr. Waide[5]. The government is correct in stating that the underlying conduct supporting Quincino's offense is the conduct of the co-defendants. However, proof of such conduct at a joint trial would, undoubtedly, differ drastically from proof submitted at a trial in which Mr. Waide is the sole defendant. The immense amount of detailed and extensive evidence as to the planning of the murder, conduct of the co-defendants leading to the murder, conversations had with other co-defendants, the co-defendants' criminal histories, etc. would all be irrelevant and highly prejudicial in a trial in which Mr. Waide is the sole defendant. The government cannot avoid this reality, nor can one deny the high likelihood that the admission of such evidence could result in a finding of Quincino's guilt simply by his perceived association with the co-defendants. A simple limiting instruction cannot cure the unavoidable prejudice which would result if Quincino were tried jointly with the co-defendants.

Furthermore, Mr. Waide's continued detention pending trial is highly unjust. There is no trial date set in this matter, as the government awaits a determination from the Department of Justice as to whether it *can* seek the death penalty *should it choose to do so.* The offense with which Mr. Waide has been indicted is not death penalty eligible. As such, the continued delay as

---

[5] *See* R. 222, Page ID # 1742 ("To date, documents and recordings in excess of 40,000 pages have been produced in discovery. Less than ten (10) of these documents and/or recordings are identified as being directly related to Mr. Waide: FBI 302 report of an attempted interview with Quincino on April 28, 2025[5] (USA-00000773); body camera footage of the attempted interview of Mr. Waide on April 28, 2025; FBI 302 report of the interview conducted with his girlfriend, Sierra Lang, on April 28, 2025 (USA-00000774-775); FBI 302 report identifying Mr. Waide's telephone number (USA-0001461); AT&T search warrant issued for his call records (USA-00001591-1602); documents provided pursuant to the AT&T search warrant (USA-00001642-3733); Lexington Police Department memorandum regarding the interview of Mr. Waide on August 14, 2024 (USA-00000062); recording of the interview conducted on August 14, 2024 (USA-00015950); and a recording of Dixon's jail phone call in which an individual named "Freddy" is discussed (USA-00015954).")

to Quincino is unnecessary and will result in an oppressive and unfair length of detention should the requested severance be denied.

## CONCLUSION

This matter presents a rare exception in which severance is not only appropriate but required. Denying the requested severance would create an extreme and grave risk of Mr. Waide's conviction due to association rather than the proof presented at trial. Furthermore, the delay in setting a trial does not apply to Mr. Waide, making his continued detention unjust and unwarranted. Accordingly, the defendant, Quincino Lamont Waide, Jr., respectfully requests that the motion to sever be granted and that this matter be set for trial separate and apart from the named co-defendants.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP

By:    */s/ Whitney True Lawson*
Whitney True Lawson
124 Clinton Street
Frankfort, Kentucky 40601
Telephone:  (502) 605-9900
Facsimile:  (502) 605-9901
wlawson@truelawky.com

*Counsel for Defendant, Quincino Waide*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Reply in Support of Motion to Sever Defendant, Quincino Lamont Waide, Jr. has been served this the 23rd day of June, 2026 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

*/s/ Whitney True Lawson*
Whitney True Lawson

5